Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
Jodi-Ann McLane
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Street
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Lashify, Inc*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHIFY, INC., <br><br> *Plaintiff* <br><br> v. <br><br> QINGDAO MARS CULTURE MEDIA CO., LTD d/b/a QINGDAO BOOMSTAR CULTURE MEDIA CO., LTD d/b/a UCOOLME and/or AIRYCUTE; and QINGDAO QINGQINGMEI TRADING CO. d/b/a UCOOLME and/or AIRYCUTE, <br><br> *Defendants* | **26-cv-3145 (LJL)** <br><br><br> **PRELIMINARY INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Lashify** | Lashify, Inc. |
| **Defendants** | Qingdao Mars Culture Media Co., Ltd d/b/a Qingdao Boomstar Culture Media Co., Ltd d/b/a Ucoolme And/Or Airycute; Qingdao Boomstar Culture Media Co., Ltd d/b/a Ucoolme And/Or Airycute; Qingdao Qingqingmei Trading Co. d/b/a Ucoolme And/Or Airycute |
| **TikTok** | TikTok, incorporated in the Cayman Islands and owned by parent company, ByteDance, based in Beijing, is a social media and social e-commerce platform |
| **TikTok Shop** | A shopping platform within the TikTok app that allows manufacturers and other third-party merchants to advertise, distribute, offer for sale and sell retail products through in-app purchases on TikTok directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*), Defendants' User Accounts (as defined *infra*), Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Lotti Dec.** | Declaration of Sahara Lotti in Support of Plaintiff's Application |
| **Turitto Dec.** | Declaration of Michael Turitto in Support of Plaintiff's Application |
| **Lashify System** | Do-It-Yourself ("DIY") artificial lash extension system claimed by the Lashify Patents |
| **Gossamer® Lashes** | Lashify's branded artificial lash extensions that are designed to be applied to the underside of a user's natural lashes, and which were invented by Sahara Lotti and practice the Lashify Patents |
| **Control Kit®** | Kit sold by Lashify which includes Gossamer® Lashes, a patented wand for fusing the Gossamer® Lashes to the underside of a user's natural lashes, a bond for securing the Gossamer® Lashes to the underside of a user's natural lashes, a sealer for providing protection to the Gossamer® Lashes, and a luxury case |
| **Lashify Website** | https://www.lashify.com/ |
| **Lashify Amazon Storefront** | https://www.amazon.com/lashify/s?k=lashify |
| **Lashify Social Media** | Facebook https://www.facebook.com/lashify/ <br> Instagram https://instagram.com/lashify <br> YouTube https://www.youtube.com/@Lashify and <br> TikTok https://www.tiktok.com/@lashify |

| Lashify Patents | U.S. Patent No. 11,253,020 ("'020 Patent") and U.S. Patent No. 12,171,290 ("'290 Patent"), each entitled Artificial Lash Extensions |
|---|---|
| Lashify Design Patent | U.S. Design Patent No. D1,009,374 ("'374 Patent") entitled Artificial Lash Extension |
| Starburst® Gossamer Lash | Lashify's branded artificial lash extensions that practice the claimed invention of the Lashify Design Patent |
| Stardust® Gossamer Lash | Lashify's branded artificial lash extensions that practice the claimed invention of the Lashify Design Patent |
| Infringing Products | Lash clusters and kits that include lash extensions designed to be applied to the underside of natural lashes that infringe at least claim 1 of the Lashify Patents, including products sold under the Airycute and Ucoolme trademarks |
| Infringing Design Products | Lash extensions designed to be applied to the underside of natural lashes that infringe the claim of the Lashify Design Patent |
| Infringing Listings | Defendant's listings for Infringing Products and Infringing Design Products |
| Defendants' Websites | https://ucoolme.com/ and https://airycute.com/ |
| User Accounts | Any and all websites owned and/or operated by Defendants (including, without limitation, Defendants' Website), any and all social media accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, advertise, promote, offer for sale and/or sell Infringing Products including, without limitation: Instagram ( https://www.instagram.com/ucoolmeofficial/ and https://www.instagram.com/airycutelash/), Facebook (https://www.facebook.com/people/UCoolMe/61578885413619/ and https://www.facebook.com/people/AiryCute-Lashes/61578615130682/), TikTok (https://www.tiktok.com/@airycutebeauty) and TikTok Shop Airycute Beauty, and held and/or operated by Defendants, and any and all accounts with online marketplace platforms such as TikTok Shop, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants. |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants operate storefronts or social commerce pages to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants |
| Defendants' Assets | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |

| | |
|---|---|
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' User Accounts, Defendants' Website or Merchant Storefronts (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal" and/or "Venmo"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), TikTok Shop Payment services ("TikTok Pay") and Meta Payments, Inc. ("MetaPay") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' User Accounts, including online marketplace platforms, including, without limitation, TikTok Shop, and Internet Service Providers, website hosts and/or registrars including, without limitation, Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn), social media platforms including Facebook, Instagram and TikTok, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants manufactures, imports, exports, advertises, markets, promotes, distributes, makes, uses, offer for sales, sells and/or otherwise deals in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

iii

WHERAS, Plaintiff having moved *ex parte* on April 17, 2026 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites, User Accounts, Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on April 17, 2026 ("TRO") which ordered Defendants to appear on April 30, 2026 at 12:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on April 24, 2026, Plaintiff requested modification of the TRO, and on the same day, April 24, 2026, the Court granted Plaintiff's request, including adjourning the Show Cause Hearing to May 14, 2026 at 12:00 p.m. ("April 24, 2026 Order");

WHEREAS, on May 7, 2026, Plaintiff requested an additional modification of the TRO, and on the same day, May 8, 2026, the Court denied Plaintiff's request ("May 8, 2026 Order");

WHEREAS, on May 8, 2026, pursuant to the methods of providing notice via electronic means authorized by the TRO, Plaintiff sent the Summons, Complaint, TRO, all papers filed in support of the Application and the April 24, 2026 Order to each and every Defendant.[1]

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A.      Plaintiff is likely to prevail on its Patent Act claim at trial. Plaintiff is the lawful owner of  U.S. Patent Nos. 11,253,020 and 12,171,290 (the "Lashify Patents") and the design patent, U.S. Patent No. D1,009,374 (The Lashify Design Patent); and has shown that Defendants are infringing such patents by making, using, offering to sell and selling within the United States

---

[1] Plaintiff is in the process of serving Defendants through the Hague Convention as also required by the TRO.  It is sufficient to issue a preliminary injunction that Defendants have notice of the motion for the injunction without necessarily having been formally served.  *See, e.g., Overnight Blowout LLC v. Shenzhen Kairuijia E-Com, CO.*, 2025 WL 2381588, at *3 (S.D.N.Y. Aug. 13, 2025).

products that infringe claims of such patents or that use designs that are substantially the same designs as the design patent.

B.      As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

1.  Defendants have offered for sale and sold substandard Infringing Products in the United States that infringe the Lashify Patents; and

2.  Plaintiff has well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Lashify Products.

C.      The balance of potential harm to Defendants of being prevented from continuing to profit from its illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Lashify Patents and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

D.      Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Lashify Patents, and to protect the public from being deceived and defrauded by Defendants' Infringing Products.

## **ORDER**

1.  The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 283 of the Patent Act.

2

a) Accordingly, Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products and Infringing Design Products, or any other products that utilize the technology of one or more claims in the Lashify Patents or the designs claimed in the Lashify Design Patent;

    ii. directly or indirectly infringing in any manner claim 1, and claims that depend therefrom of Plaintiff's Lashify Patents and the claim of the Lashify Design Patent;

    iii. making, using, selling, importing and/or offering to sell products that infringe the Lashify Patents and/or Lashify Design Patent;

    iv. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and Infringing Design Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites, User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products and Infringing Design Products;

    v. effecting assignments or transfers, forming new entities or associations, or

3

creating and/or utilizing any other platform, website, User Account, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products and Infringing Design Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

vi. using Defendants' User Accounts on social media platforms including but not limited to Facebook, Instagram and/or TikTok to advertise, promote, offer for sale and/or sell Infringing Products and/or Infringing Design Products; and

vii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vi) above and I(b)(i) and I(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court; and

ii. instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i)

4

through I(a)(vi) and I(b)(i) above and I(c)(i) below, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' Websites, User Accounts and Merchant Storefronts associated with infringing products in violation of this Order.

c) Accordingly, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vi) and I(b)(i), including, without limitation, by providing services necessary for Defendants to continue operating Defendants' Websites, User Accounts and Merchant Storefronts associated with infringing products in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts associated with Infringing Products, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants,

5

Defendants' Websites, User Accounts, and Defendants' Merchant Storefronts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    i. account numbers;

    ii. current account balances;

    iii. any and all identifying information for Defendants, Defendants' Websites,

Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

iv.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.   any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.   any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d)   Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.   any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all Defendants' Websites, User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain

7

with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO; and

iii. the nature of Defendants' business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites, User Accounts and Defendants' Merchant Storefront; and

iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Infringing Products, or any other products using the Lashify Patents and/or Infringing Design Products, or any other products that are not more than colorably different than the Infringing Products and Infringing Design Products.

4. As sufficient cause has been shown, that Defendants may receive notice of this lawsuit and this Order via the following means:

a) delivery of: (i) a PDF copy of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via

website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses, airycutelash@outlook.com, info@ucoolmelashes.com, requests@judge.me, ucoolmebeautypay@outlook.com, ucoolmelashes@gmail.com, service@ucoolme.com, service@airycute.com and airycutelashes@gmail.com and any additional email address(es) to be determined as identified by the Third Party Service Providers pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, that Defendants, having physical addresses located in China, must be served in accordance with the Hague Convention. Plaintiff shall update the Court about the status of Hague Convention service every three (3) months.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

9

PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Venmo will be able to download a PDF copy of this Order via electronic mail to businesssupport@venmo.com and infringementreport@paypal.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba Cloud will be able to download a PDF copy of this Order via electronic mail to DomainAbuse@service.aliyun.com;

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where TikTok will be able to download a PDF copy of this Order via electronic mail to john.green@bytedance.com and e-commerce.ipnotice@tiktok.com;

g) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Facebook will be able to download a PDF copy of this Order via electronic mail to ip@facebook.com and legal@meta.com;

h) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Instagram will be able to download a PDF copy of this Order via electronic mail to support@instagram.com and ip@instagram.com;

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order

of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

May 14, 2026

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

11