·UA                                     26 CV 03145

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
Jodi-Ann McLane
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Street
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Lashify, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHIFY, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>QINGDAO MARS CULTURE MEDIA CO., LTD d/b/a QINGDAO BOOMSTAR CULTURE MEDIA CO., LTD d/b/a UCOOLME and/or AIRYCUTE; QINGDAO QINGQINGMEI TRADING CO. d/b/a UCOOLME and/or AIRYCUTE; and QINGDAO SHUNSHIERWEI NETWORK TECHNOLOGY CO., LTD. d/b/a UCOOLME and/or AIRYCUTE,<br><br>*Defendants* | Civil Case No.:<br><br>[PROPOSED]<br>1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' WEBSITES, USER ACCOUNTS, MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED SERVICE AND NOTICE BY ELECTRONIC MEANS; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY<br><br><u>FILED UNDER SEAL</u> |

## GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiff or Lashify** | Lashify, Inc. |
| **Defendants** | Qingdao Mars Culture Media Co., Ltd d/b/a Qingdao Boomstar Culture Media Co., Ltd d/b/a Ucoolme And/Or Airycute; Qingdao Boomstar Culture Media Co., Ltd d/b/a Ucoolme And/Or Airycute; Qingdao Qingqingmei Trading Co. d/b/a Ucoolme And/Or Airycute; Qingdao Shunshierwei Network Technology Co., Ltd. d/b/a Ucoolme and/or Airycute, |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants to advertise, distribute, offer for sale, sell and ship their retail products, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **TikTok** | TikTok, incorporated in the Cayman Islands and owned by parent company, ByteDance, based in Beijing, is a social media and social e-commerce platform |
| **TikTok Shop** | A shopping platform within the TikTok app that allows manufacturers and other third-party merchants to advertise, distribute, offer for sale and sell retail products through in-app purchases on TikTok directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*), Defendants' User Accounts (as defined *infra*), Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Lotti Dec.** | Declaration of Sahara Lotti in Support of Plaintiff's Application |
| **Turitto Dec.** | Declaration of Michael Turitto in Support of Plaintiff's Application |
| **Lashify System** | Do-It-Yourself ("DIY") artificial lash extension system claimed by the Lashify Patents |
| **Gossamer® Lashes** | Lashify's branded artificial lash extensions that are designed to be applied to the underside of a user's natural lashes, and which were invented by Sahara Lotti and practice the Lashify Patents |
| **Control Kit®** | Kit sold by Lashify which includes Gossamer® Lashes, a patented wand for fusing the Gossamer® Lashes to the underside of a user's natural lashes, a bond for securing the Gossamer® Lashes to the underside of a user's natural lashes, a sealer for providing protection |

i

| | |
|---|---|
| | commerce pages to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' User Accounts, Defendants' Website or Merchant Storefronts (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal" and/or "Venmo"), Payoneer Inc. ("Payoneer"), Amazon payment services (e.g., Amazon Pay), PingPong Global Solutions, Inc. ("PingPong"), TikTok Shop Payment services ("TikTok Pay") and Meta Payments, Inc. ("MetaPay") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' User Accounts, including online marketplace platforms, including, without limitation, Amazon, TikTok Shop, and Internet Service Providers, website hosts and/or registrars including, without limitation, Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn), social media platforms including Facebook, Instagram and TikTok, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants manufactures, imports, exports, advertises, markets, promotes, distributes, makes, uses, offer for sales, sells and/or otherwise deals in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites, User Accounts, Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated service and notice by electronic means and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products.[1] Having reviewed the Application, Declarations of Sahara Lotti and Michael Turitto, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.    Lashify was founded by Ms. Sahara Lotti (hereinafter, "Ms. Lotti") who, in 2017, recognizing the need for innovation in the industry, invented the most natural-looking false lash system in the industry after extensive studies of the human eyelid, the shape of lash lines, and various chemical compositions, and testing various prototypes and potential new product options on her own eyelashes. The Lashify System is a revolutionary, award winning DIY luxury lash extension system that creates salon quality lash extensions in record time and in the comfort of one's home. The Lashify System is easy to use and, unlike salon extensions, is damage-free to natural lashes, and creates infinite possibilities for all eye shapes in minutes.

2.    Lashify is the assignee of U.S. Patent No. 11,253,020 ('020 Patent) entitled Artificial Lash Extensions. The '020 Patent claims an artificial lash extension system including multiple lash extensions that are designed to attach to an underside of a user's natural lashes. Each of the lash

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Infringing Products are defined as Lash clusters and kits that include lash extensions designed to be applied to the underside of natural lashes that infringe at least claim 1 of the Lashify Patents, including products sold under the Airycute and Ucoolme trademarks.

extensions includes clusters of artificial hairs with 1) at least two artificial hairs; and 2) a base from which the at least two artificial hairs protrude. The '020 Patent also claims that at least some of the artificial hairs are connected to one another at the base by at least an application of heat.

3.    Lashify is also the assignee of U.S. Patent No. 12,171,290 ('290 Patent) entitled Artificial Lash Extensions. The '290 patent claims an artificial lash extension system including multiple lash extensions, each including 1) a plurality of clusters having to or more artificial hairs; 2) a knotless base; and 3) a first adhesive that joins ends of the clusters to the knotless base. The '290 patent also claims that knotless bases of the plurality of lash extension are designed to attach to an underside of a user's natural lashes with a second adhesive. The '020 Patent and the '290 Patent are the "Lashify Patents"

4.    Lashify also has the exclusive rights on United States Design Patent Nos. D1,009,374 (374 patent) claiming the design features of its Lashify Gossamer lashes.

5.    The Lashify System is sold direct to consumers via the Lashify Website, through its own brick and mortar store in Los Angeles, California, the Lashify Amazon Storefront, and is advertised for sale through Lashify Social Media. The Lashify System is also sold through the retail store chain Selfridges in the UK.

6.    The Lashify Control Kit® typically retails for $125.00 and its Gossamer® Lashes generally retail for between $17.00-$28.00.

7.    The Lashify System has received numerous industry awards, including 2022 InStyle Beauty Editors' Pick, 2021-2022, The Beauty Authority New Beauty Award Winner, 2021, Cosmopolitan Holy Grail Beauty Award, 2019 Glamour Beauty Award Winner, The Knot Beauty Awards 2019 Winner, and 2019 Shape Editor Pick.

8.    Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, using, making, offering for sale and/or selling Infringing

2

Products through Defendants' Websites, Merchant Storefronts and User Accounts.

9.   Defendants are not, nor have ever been, an authorized distributor or licensee of the patented Lashify System. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Lashify Patents and Lashify Design Patent.

10.   Plaintiff is likely to prevail on its Patent Act claims at trial.

11.   As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a.   Defendants have offered for sale and sold substandard Infringing Products in the United States that infringe the Lashify Patents and the Lashify Design Patent;

b.   Plaintiff has well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Lashify System; and

c.   Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Infringing Products and Infringing Design Products or other goods that infringe the Lashify Patents and Lashify Design Patent, the means of obtaining or manufacturing such Infringing Products and/or Infringing Design Products, and records relating thereto that are in their possession or under its control, (ii) inform its suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Infringing Products and Infringing Design Products or other goods infringing the

3

Lashify Patents, the means of obtaining or manufacturing such Infringing Products and Infringing Design Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales of Infringing Products and Infringing Design Products or other goods infringing the Lashify Patents and Lashify Design Patent and records relating thereto that are in its possession or under its control and/or (iv) open new websites, User Accounts and Merchant Storefronts under new or different names and continue to offer for sale and sell Infringing Products and Infringing Design Products with little to no consequence.

12.    The balance of potential harm to Defendants of being prevented from continuing to profit from its illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Lashify Patents and Lashify Design Patent to its reputation if a temporary restraining order is not issued.

13.    Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Lashify Patents and Lashify Design Patent, and to protect the public from being deceived and defrauded by Defendants' Infringing Products and Infringing Design Products.

14.    Plaintiff has not publicized its request for a temporary restraining order in any way.

15.    Defendants shall be served through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). However, all Defendants shall receive notice of this lawsuit via electronic means.

16.    If Defendants are given notice of the Application, they are likely to secret, conceal,

4

transfer or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products or other goods infringing the Lashify Patents and Lashify Design Patent. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Websites, User Accounts and Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

17.     Similarly, if Defendants are given notice of the Application, it is likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or sale of Infringing Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.    Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such ^in the United States further period as may be provided by order of the Court:

5

1)     manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling in Infringing Products and/or Infringing Design Products, or any other products that are not more than colorably different from the Infringing Products or are not more colorably different from the Infringing Design Products and which infringe at least claim 1 of the Lashify Patents and the claim of the Lashify Design Patent;

2)     directly or indirectly infringing in any manner claim 1, and claims that depend therefrom of Plaintiff's Lashify Patents and the claim of the Lashify Design Patent;

3)     making, using, selling, importing and/or offering to sell products that infringe claim 1 and claims that depend therefrom of the Lashify Patents and the claim of the Lashify Deisgn Patent, and products that are not more colorably different than the Infringing Products and the Infringing Design Products;

4)     secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites, User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products and Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products;

6

5)    effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, website, User Account, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products and Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

6)    using Defendants' User Accounts on social media platforms including but not limited to Facebook, Instagram, Pinterest and/or TikTok to advertise, promote, offer for sale and/or sell Infringing Products and/or Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products; and

7)    knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8) above and I(B)(1) and I(C)(1) below.

B.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

7

1)    secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court; and

2)    instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' Websites, User Accounts and Merchant Storefronts in violation of this Order and/or providing services to third ^associated with infringing products parties making, using, selling, importing and/or offering to sell Infringing Products and Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products in violation of this Order.

C.    IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)    instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' Websites, User Accounts and Merchant Storefronts in violation of this Order and/or providing services to third ^associated with infringing products parties making, using, selling, importing and/or offering to sell Infringing Products and

8

Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products in violation of this Order.

## II.  Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.  Defendants are hereby ORDERED to show cause before this Court in Courtroom __15C__ of the United States District Court for the Southern District of New York at 500 Pearl Street//40 Foley Square, New York, New York on _____April 30_____, 2026 at __12:00 p.m.__ .m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 6 East 45th Street, 7th Floor, New York, NY 10017, Attn: Jason M. Drangel on or before_____April 27_____, 2026. Plaintiff shall file any Reply papers on or before _____April 29_____, 2026.

C.  IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III.  Asset Restraining Order

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants'

9

Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's

^associated with Infringing Products

counsel.

## IV.    Order Authorizing Bifurcated Service and Notice by Electronic Means

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that Defendants may receive

notice of this lawsuit via the following means:

1)    delivery of: (i) a PDF copy of this Order together with the Summons and Complaint,

Plaintiff        shall
provide  notice  by
Saturday, April 18,
2026.

and all papers filed in support of Plaintiff's Application and (ii) a link to a secure

website (including NutStore, a large mail link created through Rmail.com and via

website publication through a specific page dedicated to this Lawsuit accessible

through ipcounselorslawsuit.com) where Defendants will be able to download PDF

copies of this Order together with the Summons and Complaint, and all papers filed in

support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses,

airycutelash@outlook.com,        info@ucoolmelashes.com,        requests@judge.me,

ucoolmebeautypay@outlook.com,                        ucoolmelashes@gmail.com,

service@ucoolme.com, service@airycute.com and airycutelashes@gmail.com and any

additional email address(es) to be determined after having been identified by the Third

Party Service Providers pursuant to **Paragraph V(C)**.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that Defendants, having

physical addresses located in China, must be served in accordance with the Hague Convention.

Plaintiff shall update the Court about the status of Hague Convention service every three (3)

months.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service

by electronic means ordered herein shall be deemed effective as to the Third Party Service

Providers and Financial Institutions through the pendency of this action.

10

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such notice by electronic means ordered herein shall be made ~~within five (5) days of~~ upon the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com;

11

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Venmo will be able to download a PDF copy of this Order via electronic mail to businesssupport@venmo.com and infringementreport@paypal.com;

6) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba Cloud will be able to download a PDF copy of this Order via electronic mail to DomainAbuse@service.aliyun.com;

7) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where TikTok will be able to download a PDF copy of this Order via electronic mail to john.green@bytedance.com and e-commerce.ipnotice@tiktok.com;

8) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Facebook will be able to download a PDF copy of this Order via electronic mail to ip@facebook.com and legal@meta.com;

9) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Instagram will be able to download a PDF copy of this Order via electronic mail to support@instagram.com and ip@instagram.com. Proof of service and notice shall be filed on the docket.

## V.    Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, Defendants shall serve upon Plaintiff's counsel a written report under oath providing:

a. its true name and physical address;

b. the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

12

c.  the complete sales records for any and all sales of Infringing Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

d.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

e.  the steps taken by Defendants, or other person served to comply with **Section I,** above.

2)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3)  Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants in their response to the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account

13

numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' Websites, Defendants' User Accounts and Defendants' Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all websites, User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants, Defendants' Websites, Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a.  account numbers;

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' Websites, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

14

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all of Defendants' Websites, User Accounts and Defendants' Merchant Storefront(s) that Defendants have ever had and/or currently maintain with the

15

Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c. the nature of Defendants' business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites, User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Infringing Products, or any other products using the Lashify Patents and/or Infringing Design Products, or any other products that are not more than colorably different than the Infringing Products and Infringing Design Products.

## VI.    Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of _five thousand Dollars (_$5,000_) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

This order is without prejudice to the rights of the Third Party Service Providers and Financial Institutions to move to quash the request for documents and information or to modify this order.

16

## VII.    Sealing Order

A.  IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and

Plaintiff's *ex parte* Application and the Declarations of Sahara Lotti and Michael Turitto in

support thereof and exhibits attached thereto, and this Order shall remain sealed until the

Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C),**

**III(A) and V(C)** of this Order. Plaintiff shall file a letter regarding the continuing need for sealing when (1) there is no longer a need to keep the matter under seal or (2) within fourteen days, whichever is earlier.

**SO ORDERED.**

SIGNED this ___17___ day of ___April_____, 2026, at ___4:22___ p.m.

_____

UNITED STATES DISTRICT JUDGE

17