UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

:

LASHIFY, INC.,                                                    :

:

Plaintiff,                             :

:                    26-cv-3145 (LJL)

-v-                                              :

:                    ORDER

QINGDAO MARS CULTURE MEDIA CO., et al.,       :

:

Defendants.                            :

:

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/08/2026

LEWIS J. LIMAN, United States District Judge:

Plaintiff moves for a second extension of the Temporary Restraining Order ("TRO")

issued on April 17, 2026.  Plaintiff states that only one of the Third Party Service Provides[1] and

one of the Financial Institutions[2] have complied with the expedited discovery ordered in the

TRO.  Plaintiff accordingly seeks an extension of time to serve the Defendants with the TRO.

Under Federal Rule of Civil Procedure 65, a TRO expires at a time after entry set by the

court, not to exceed fourteen days, unless the court, for good cause, extends it for a like period or

the adverse party consents to a longer extension.  Fed. R. Civ. P. 65(b)(2).  By order of April 24,

---

[1] Pursuant to the TRO, Third Party Service Provides are defined as any third party providing
services in connection with Defendants' User Accounts, including online marketplace platforms,
including without limitation, Amazon, TikTok Shop, and Internet Service Providers, website
hosts and/or registrars including, without limitation, Alibaba Cloud Computing Ltd. d/b/a
HiChina (www.net.cn), social media platforms including Facebook, Instagram and TikTok, as
well as any and all as yet undiscovered online marketplace platforms and/or entities through
which Defendants, their respective officers, employees, agents, servants and all persons in active
concert or participation with Defendants manufactures, imports, exports, advertises, markets,
promotes, distributes, makes, uses, offer for sales, sells and/or otherwise deals in Infringing
Products.
[2] Pursuant to the TRO, Financial Institutions are defined as PayPal Inc., Payoneer Inc., Amazon
payment services, PingPong Global Solutions, Inc., TikTok Shop Payment services, and Meta
Payments, Inc.

2026, the Court granted Plaintiff's request for a fourteen-day extension.  Defendants have not been served and do not consent to a longer extension.  The TRO in this case therefore may extend no longer than May 15, 2026 and will expire on that date.  *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 132 n.2 (2d Cir. 2014) ("[A] TRO lasting longer than twenty-eight days requires that the adverse party consent[.]").  Notably, Plaintiff identifies no prejudice from the expiry of the TRO.  No Defendant has yet been served with the TRO so the effect of its expiration is not to permit a Defendant to resume conduct that the TRO has prevented it from engaging in.  Plaintiff may make a new application for a TRO after it obtains service information for the Defendants.

Plaintiff's request for an extension is denied.  Should Plaintiffs choose not to serve Defendants with the TRO, the hearing currently scheduled for May 14, 2026 will be cancelled.  Following expiration of the TRO, Plaintiff may reapply for a new temporary restraining order.

Nothing in this order should be construed to affect the discovery obligations of the Third Party Service Providers and Financial Institutions set forth in the Court's April 17, 2026 Order.

SO ORDERED.

Dated: May 8, 2026
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2